IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIM MARES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-14-089 |
| | § | |
| WOOD GROUP MUSTANG, INC., and | § | |
| EMPYREAN BENEFIT SOLUTIONS, | § | |
| INC., | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

**I.      Background**

Kim Mares, who suffers from multiple sclerosis and lupus, worked for Wood Group Mustang, Inc. ("Wood Group") from July 2012 until she was terminated from her job in February 2013. In January 2014, Mares sued, alleging that Wood Group discriminated against her due to her health conditions and retaliated against her for complaining about that discrimination. She asserted violations of the Americans With Disabilities Act of 1990 ("ADA") and the Texas Labor Code. Mares also sued Empyrean Benefit Solutions ("Empyrean"), alleging that both it and the Wood Group were "[t]he Plan Administrator" of her employee benefits program and failed timely to notify Mares of her continuing COBRA coverage in violation of the Employee Retirement Income Security Act of 1974 ("ERISA").

On March 17, 2014, the Wood Group answered, admitting that "Wood Group Management Services, Inc. is the Plan Administrator" of Wood Group's employee benefit plan. (Docket Entry No. 8, at 6). Empyrean answered that same day, denying that it was the plan administrator. (Docket Entry No. 9, at 3). On October 17, 2014, Empyrean moved to dismiss under Federal Rule of Civil

Procedure 12(b)(6), arguing that the Wood Group's answer served as a judicial admission that it, not Empyrean, was responsible for providing notice under ERISA and thus Empyrean should be dismissed as a defendant. (Docket Entry No. 19). Mares, whose attorney withdrew in late October, (Docket Entry No. 21), failed to respond.

Based on the motion, the pleadings, and the applicable law, the court grants Empyrean's motion. The reasons are explained below.

## II.     The Legal Standard for Judgment on the Pleadings

Because Empyrean moved to dismiss after both defendants filed responsive pleadings and relied on Wood Group's answer, this court treats its motion as one for judgment on the pleadings under Rule 12(c), rather than 12(b)(6). *See Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (holding that "the district court did not err when it construed the defendants' [Rule 12(b)(6)] motion as one for judgment on the pleadings" under Rule 12(c) because the defendants filed their "motion to dismiss for failure to state a claim . . . after the answer").

"A motion brought pursuant to Federal Rule of Civil Procedure 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The Rule 12(c) and Rule 12(b)(6) standards are the same. *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010). Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that

2

the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570*; see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). The Supreme Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677.

A court considers only the pleadings in deciding a motion for judgment on the pleadings, *see Brittan Commc'ns Int' Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002), but "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *See, e.g.*, *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *see also* 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357, at 509–10 (3d ed. 2004) (stating that "matters incorporated by reference or integral to the claim [and] items appearing in the record of the case . . . may be considered by the district judge without converting the [Rule 12(b)(6)] motion into one for summary judgment"). Because the standards for Rule 12(c) and Rule 12(b)(6) are the same, a court may consider the same kinds of documents in a Rule 12(c) motion that it could consider in a Rule 12(b)(6) motion.

### III. Analysis

Empyrean argues that Wood Group's admission in its answer that it was the "Plan Administrator" of Mares's employee benefits plan requires dismissal of the ERISA claim against Empyrean. ERISA's notice provisions specify that "*the administrator* shall notify" the plan

participant of his or her continuing coverage rights in the case of certain qualifying events. 29 U.S.C. § 1166(a)(4) (emphasis added). The statute defines the "[a]dministrator" as "(i) the person specifically so designated by the terms of the instrument under which the plan is operated; (ii) if an administrator is not so designated, the plan sponsor; or (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe." 29 U.S.C. § 1002.

The Wood Group "aver[red]" in its answer that Wood Group Management Services . . . is the Plan Administrator." (Docket Entry No. 8, at 6). This is "a formal concession in the pleadings" of a fact" that has the effect of withdrawing a fact from contention." *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476 (5th Cir. 2001). "A judicial admission is conclusive, unless the court allows it to be withdrawn; ordinary evidentiary admissions, in contrast, may be controverted or explained by the party" *Id.* (quotation omitted).

Because Wood Group has judicially admitted that it, not Empyrean, is the plan administrator, Empyrean is not a proper party to Mares's ERISA claim. *See Hiney Printing Co. v. Branter*, 243 F.3d 956, 961 (6th Cir. 2001) ("[O]nly a plan administrator can be held liable under section 1132(c)."); *Moran v. Aetna Life Ins. Co.*, 872 F.2d 296, 299-300 (9th Cir. 1989) ("Because Aetna was not designated as plan administrator in the policy and is not the plan sponsor, it is not liable under the statute."); *Davis v. Liberty Mut. Ins. Co.*, 871 F.2d 1134, 1138 (D.C. Cir. 1989) (affirming the dismissal of ERISA claims against an insurer that was not a plan "administrator").

**IV. Conclusion**

Empyrean's motion requesting that Mares's ERISA claim against Empyrean be dismissed, (Docket Entry No. 19), is granted. An order dismissing Empyrean from this action is entered

4

separately.  On **January 23, 2015, at 8:15 a.m.,** the remaining parties are ordered to appear for a status conference in Courtroom 11-B, 515 Rusk Street, Houston, Texas, 77002.  Failure to attend may lead to a dismissal of the lawsuit.

      SIGNED on January 6, 2015, at Houston, Texas.

                                      Lee H. Rosenthal
                                United States District Judge